By the Revised Statutes it is enacted that any person having an estate in lands determinable upon any life or lives, who holds over and continues in possession after the determination of such particular estate, shall be adjudged a trespasser. (1 R.S.,
749, § 7.) The defendant comes directly within the statute. His estate was determinable upon the life of his lessor, Dan Torrey. The lease to him gave him no right which could affect the estate of the plaintiff as survivor of her husband. In my opinion, Dan Torrey could not charge the estate of his wife to be effective after his decease. To have made the lease operative as against her, she should have united in it by a writing acknowledged according to the provisions of the statute. The act of 1849, respecting the rights of married women, cannot affect this case, inasmuch as that act is prospective, and the estate of the plaintiff in the land was acquired in the year 1847. It will not be necessary to determine in this case whether a married woman may make a valid parol lease of her separate property in real estate, with the consent *Page 434 
of her husband, which she may have acquired after the act of 1849.
In this case there was no joint tenancy, or tenancy in common, created by the life lease to Torrey and his wife. Such a tenancy cannot exist between husband and wife, by reason of the legal unity of person. The tenancy was per tout et non per my, by the entirety and not by the moiety. The survivor would be entitled to the whole estate. (Bell on Property of Husband and Wife, 42Law L., 258, 4th series; 2 Vern., 120; 5 Term R., 652.)
One ground of defence to the action insisted upon was, that no notice to quit, such as the statute requires, was served before the suit was brought. But we have seen that the defendant was in no sense a tenant at sufferance of the plaintiff. The relation of landlord and tenant did not exist between the parties. By operation of the statute the defendant became a trespasser, as against the plaintiff, when his right of occupation terminated under the lease from Dan Torrey, which was at the death of the latter.
There is no ground upon the facts of the case to impute laches to the plaintiff, even if such a question could arise in the case, or a tenancy at sufferance could be created in that way. (Rowan v. Lytle, 11 Wend., 616.)
The judgment must therefore be affirmed.
Judgment affirmed. *Page 435